IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANNI SNYDER *as assignee of Robert Slone,*
*Chapter 7 Trustee for U Lock Inc.*,

                  Appellant,

      v.

U LOCK INC.,

                  Debtor,

      v.

CHRISTINE BIROS, BIROS IRREVOCABLE
LIFE INSURANCE TRUST,

                  Appellees.

23cv1410

ELECTRONICALLY FILED

**MEMORANDUM OPINION**

This bankruptcy appeal arises out of an adversary action.  The United States Bankruptcy Judge dismissed the adversary complaint upon motion. Appellant, hereinafter "Snyder", presents the question of whether the Bankruptcy Judge erred when he found, in reliance upon the decisions from the Westmoreland County Court of Common Pleas and the Pennsylvania Superior Court, that a constructive trust in favor of the Appellees (hereinafter "Biros") properly conveyed the equitable interest in a junkyard to Biros.  For the reasons set forth herein, this Court finds the Bankruptcy Court properly dismissed the this adversary and affirms its decision.

**I. JURISDICTION AND STANDARD OF REVIEW**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).  A district court sits as an appellate court in bankruptcy proceedings. *In re Michael,* 699 F.3d 305, 308 n.2 (3d Cir. 2012).

The standards of review which apply to this case are as follows:

First, this Court cannot disturb the factual findings of a bankruptcy court unless they are clearly erroneous. *In re Gray,* 558 Fed. Appx. 163, 166 (3d Cir. 2014); *see also Accardi v. IT Litig. Trust (In re IT Group, Inc.)*, 448 F.3d 661, 667 (3d Cir. 2006). A factual finding is "clearly erroneous" if the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re W.R. Grace & Co.*, 729 F.3d 311, 319, n.14 (3d Cir. 2011); *see also Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005). Under the clearly erroneous standard, it is the responsibility of an appellate court to accept the ultimate factual determinations of the fact-finder, unless that determination is either: (1) completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (citations omitted).

Second, this Court exercises plenary, or *de novo*, review over any legal conclusions reached by a bankruptcy court. *In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014); *see also Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

Third, if the Bankruptcy Court's decision is a mixed question of law and fact, this Court must break down the determination and apply the appropriate standard of review to each. *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). The Court should "apply a clearly erroneous standard to integral facts, but exercise plenary review of the court's interpretation and application of those facts to legal precepts." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011) (citation omitted).

Finally, this Court reviews a bankruptcy court's exercise of discretion for abuse. *In re Friedman's Inc.,* 738 F.3d 547, 552 (3d Cir. 2013). A bankruptcy court abuses its discretion

when its ruling rests upon an error of law or a misapplication of law to the facts.  *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

## II. BACKGROUND

Snyder purchased certain assets of the Debtor (U Lock) through the Bankruptcy Court in December of 2022.  On February 28, 2023, Snyder initiated an adversary proceeding by filing a complaint against Biros, claiming Biros fraudulently acquired a junkyard.  Adv. Pro. No.  23-2020-GLT.

After an amended complaint was filed by Snyder, Biros filed a motion to dismiss the adversary action primarily contending that Snyder's lawsuit was an attempt to circumvent final Orders of the Westmoreland County Court of Common Pleas (hereinafter "State Court") which conferred title of the junkyard to Biros.[1]  The Bankruptcy Court determined that because Biros did <u>not</u> receive her interest in the junkyard from U Lock (the Debtor), "there were no avoidable 'transfer[s] of an interest of the debtor' under the Bankruptcy Code." ECF 5-1, p. 2.  As a result of this and other legal conclusions, the Bankruptcy Court granted Biros' Motion to Dismiss Snyder's adversary action.

## III. DISCUSSION

### A. State Court Proceedings

Snyder begins by discussing the relationship between Snyder and Biros in 2014, when they formed an entity called U Lock to purchase the junkyard at issue.[2]  On July 15, 2015, one

---

[1] The Pennsylvania Superior Court affirmed the decision of the Court of Common Pleas on May 21, 2021. See *Biros v. U Lock*, 255 A.3d 489 (Pa. Super. 2021).  The decision of the Superior Court became final when the Supreme Court of Pennsylvania declined to review the matter on January 19, 2022.  See *Biros v. U Lock ,* 271 A.3d 875 (Pa. 2022).

[2] According to the Bankruptcy Court, the junkyard is located "on Route 30, [and is] littered with construction debris, scrap piles, tire mounds, collapsed trailers and inoperable vehicles" which Snyder and

day before closing on the junkyard property, articles of incorporation were filed for U Lock.

*Biros v. U Lock Inc.*, 255 A.3d 489, 491 (Pa. Super. 2021).  Biros obtained over $300,000 in

cashier's checks to loan to U Lock so that U Lock could purchase the junkyard.  *Id.,* at 492.  In a

brief, handwritten note which provided for repayment on terms to be set by August 16, 2015,

U Lock agreed to treat the funds as a loan from Biros.  *Id.*  U Lock closed on the junkyard, and

U Lock received the deeds from the original owners of the junkyard in 2015.  However, on July

17, 2015, one day after the closing, the Pennsylvania Secretary of State rejected U Lock's

articles of incorporation.  *Id.*  Although the Secretary of State indicated that U Lock could retain

its incorporation date of July 15, 2015, to do so it would have to correct its error within 30 days.

*Id.*  U Lock failed to do so.  *Id.* In September of 2015, after making the necessary corrections, the

Secretary of State accepted U Lock's articles of incorporation. *Id.*

On October 4, 2017, Biros filed a complaint against U Lock and the original 2015

junkyard owners (hereinafter "previous junkyard owners") seeking a declaratory judgment that

the July 2015 Deeds were void *ab initio*, and alleging equitable causes of action to convey title,

quiet title, and for an accounting.  *Id.*  On February 13, 2018, while this action was pending, the

previous junkyard owners issued new deeds to U Lock (the "2018 Deeds").  *Id.*  U Lock filed the

2018 Deeds with the recorder of deeds on March 1, 2018.  *Id.*  In April of 2019, the previous

junkyard owners tendered a fully executed deed for the junkyard to the State Court to hold in

escrow, pending the outcome of the Biros declaratory judgment trial. ECF 6, p. 3.  These

escrowed deeds indicated that any other deeds recorded between July 16, 2015 and the

recordation of the escrowed deed were null and void. ECF 6, p.3

---

Biros wanted to buy with the goal of "boost[ing] its value through commercial development." ECF 5-1,
p. 3.  To this end, U Lock was formed. Id.

Following a trial, the State Court determined that the deeds issued to U Lock in 2014

were void *ab initio*. *Biros v. U Lock Inc.,* 255 A.3d at 492. The State Court also held that U Lock

would be unjustly enriched by maintaining its ownership in the junkyard with no ability to repay

Biros the money lent for its purchase. *Id.*  Thus, the State Court found that U Lock held the

junkyard in a constructive trust as the junkyard's trustee, and it directed conveyance of the

junkyard to Biros.  *Id.*

On appeal to Pennsylvania's Superior Court, the Superior Court in its 2021 Opinion

noted that the following law governs the imposition of a constructive trust:

> A constructive trust arises when a person holding title to property is subject
> to an equitable duty to convey it to another on the ground he would be
> unjustly enriched if he were permitted to retain it. The necessity for such a
> trust may arise from circumstances evidencing fraud, duress, undue
> influence or mistake. The controlling factor in determining whether a
> constructive trust should be imposed is whether it is necessary to prevent
> unjust enrichment.

*Id.* at 495, citing *Nagle v. Nagle*, 799 A.2d 812, 819 (Pa. Super. 2002) (citations omitted), appeal

denied, 573 Pa. 659, 820 A.2d 162 (2003).

Based upon the facts recited above, and the legal definition of a constructive trust, the

Superior Court concluded as follows:

> In summary, the record supports the following conclusions: 1) [Biros] paid
> for the [junkyard] on behalf of U Lock; 2) Biros expected repayment from
> U Lock; 3) U Lock never repaid Biros; 4) Biros had no adequate remedy at
> law because U Lock lacked resources, other than the junkyard, with which
> to compensate Biros. There was no dispute that Biros was entitled to
> repayment. Thus, the trial court faced a choice between imposing a
> constructive trust and awarding the junkyard to Biros or entering judgment
> for U Lock and trusting that the conclusion of this litigation would result in
> an influx of cash to U Lock with which it would, finally, repay its debt. The
> trial court chose the former, and we conclude that it acted well within the
> appropriate bounds for a court sitting as fact finder.

*Id.* at 496.

### B. Bankruptcy Court Proceedings

As noted above, in December of 2022, after U Lock filed an involuntary petition in accordance with Chapter 7 of the Bankruptcy Code, Snyder purchased certain assets from U Lock's Bankruptcy Trustee. In so doing, Snyder filed the instant adversary action against Biros claiming that Biros' acquisition of the junkyard was either avoidable as a preference or avoidable as a fraudulent conveyance.

Biros argued in its Rule 12(b)(6) motion to dismiss that Snyder's amended complaint failed to state a cause of action upon which the Bankruptcy Court could grant relief because Biros accepted and recorded deeds that had been in held in escrow by the State Court. Stated differently, Biros argued that she obtained the deeds directly from the previous owners and not from the debtor, U Lock, through the State Court.

Snyder opposed Biros' motion to dismiss, and the Bankruptcy Court heard oral argument on the matter on June 22, 2023.

In its well-reasoned Opinion, the Bankruptcy Court began by noting that the bulk of what the parties presented were "not mere allegations," but instead, "were facts established by final state court orders that cannot be relitigated." ECF 5-1, p. 13. Given the situation that presented itself, the Bankruptcy Court defined its own role as "simply to determine whether those facts [established by final state court orders], along with any well-supported allegations, state a plausible claim for relief under [C]hapter 5 of the Bankruptcy Code." Id., p. 1-3-14.

In providing Snyder with all benefit of the doubt under the *Iqbal* standard, the Bankruptcy Court noted that the State Court found that the original 2015 deeds for the junkyard were void *ab initio,* but also noted the State Court did not void the 2018 deeds which purportedly conveyed the junkyard to U Lock. However, the Bankruptcy Court noted that the "chain of title"

with respect to the junkyard's deeds was essentially a red herring (or using the Bankruptcy

Court's words, a "technicality" and a "distraction") detracting from the more important

occurrence in the State Court.

As explained by the Bankruptcy Court, the State Court imposed a constructive trust on

the junkyard in favor of Biros (and the Superior Court affirmed this imposition of a constructive

trust on appeal).  In so doing, the State Court, through the constructive trust, provided Biros with

an equitable remedy so as to "prevent unjust enrichment."  Id., p. 15.  The Bankruptcy Court

citing to Pennsylvania caselaw explained that when property – such as the junkyard at issue in

this case – is acquired through circumstances "that the title holder" – in this case U Lock –

cannot "in good conscience retain the beneficial interest[,] equity converts [U Lock] into a

trustee."  Id., quoting *Biros v. U Lock,*  255 A.3d at 495 (footnote and internal citations omitted).

In reliance upon Pennsylvania law, the Bankruptcy Court explained that while an

imposition of a constructive trust may arise from fraud, duress, undue influence, or mistake,

"wrongdoing is not required." Id., p. 16 (footnote and citations omitted).  No matter how a

constructive trust arises, the Bankruptcy Court noted that Pennsylvania law unequivocally strips

the legal title holder of his or her rights to the property in question and deems the legal title

holder "to have *never* owned the equitable interest in the property."  Id., p. 17 (emphasis in

original, footnote and citations omitted).  Accordingly, the Bankruptcy Court, based on the

undisputed facts presented to it by Snyder and U Lock and construing all factual allegations in

Synder's amended complaint as true, determined that the constructive trust the State Court

placed upon the junkyard in favor of Biros rendered Biros the owner of the equitable interest in

the junkyard, further noting that under Pennsylvania law, U Lock never possessed equitable

ownership. Therefore, even assuming U Lock had been a legal title holder to the junkyard,

7

U Lock had no right whatsoever to the junkyard because once the constructive trust was imposed, U Lock was rendered a "constructive trustee whose 'sole responsibility . . . [was] to surrender the [junkyard] to [Biros] on whose behalf the constructive trust [was] raised.'" Id., p. 17 (footnote and citations omitted).  Boiled down to its simplest terms, the Bankruptcy Court held, "U Lock never held an equitable interest in the [junkyard] as a result of the constructive trust." ECF 5-1, p. 19.

### C. This Court's Review

In this case, there were no new factual findings issued by the Bankruptcy Court.  It explained that the facts in the amended complaint present in its case emanated from unopposed facts that were established by the State Court and affirmed on appeal by the Superior Court.  The motion to dismiss the amended complaint filed in the Bankruptcy Court argued that there was no claim upon which relief could be granted because the constructive imposed by the State Court transferred equitable interest in the junkyard from the original owners to Biros.  Moreover, it does not appear to this Court that the State Court's factual premises were ever disputed either in the State Court forum, nor before the Bankruptcy Court.  Instead, in this adversary proceeding, Snyder attempted to convince the Bankruptcy Court that the deeds which Snyder claims conveyed legal ownership of the junkyard to U Lock in 2017, trumped the constructive trust imposed by the State Court which conveyed equitable interest in the same property to Biros, retroactively back to 2015.

Because there are no factual disputes, this Court next considers whether the Bankruptcy Court abused its discretion.  The Bankruptcy Court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts.  The Court finds that the Bankruptcy Court did not abuse it discretion.

As noted by the Bankruptcy Court, the State Court imposed a constructive trust which conveyed the equitable rights of the junkyard from the junkyard's original, 2015 owners to Biros. The Bankruptcy Court concluded that nothing was ever transferred from the Debtor (U Lock) to Biros. This Court concurs with the legal analysis that the Bankruptcy Court utilized to arrive at this conclusion.

This Court's review of Pennsylvania case law with respect to the nature of a constructive trust supports the Bankruptcy Court's conclusion that once the State Court imposed a constructive trust, the equitable interest in the junkyard resided with Biros – retroactively – back to the original date of transfer, which in this case, was 2015.  As such, there was no transfer from U Lock to anyone.  At best, U Lock could only be considered under Pennsylvania law to be the constructive trustee of the junkyard, and the trust was put in place to keep U Lock from being unjustly enriched.  Because there was no conveyance from U Lock to Biros, the Bankruptcy Court really had no claim as suggested by Snyder to adjudicate.  Accordingly, the Bankruptcy Court properly dismissed the amended complaint as requested by Biros.

Even though there was no conveyance of any kind of interest in the junkyard from U Lock to Biros to consider, the Bankruptcy Court carefully considered Snyder's secondary argument in opposition of the motion to dismiss suggesting the State Court's language ("present conveyance") upon imposing the constructive trust indicated its prospective – not retrospective – application of the of trust.  This Court concurs with the Bankruptcy Court's legal analysis wherein it found that the phrase "present conveyance" supplemented the phrase "the imposition of the constructive trust."   Given that a constructive trust – under Pennsylvania law – vests equitable ownership to the beneficiary of the trust (in this case, Biros) back to the date of the original sale (in this case 2015), the "present conveyance" would only have been in reference to

the transfer of legal title.  This is precisely what the Bankruptcy Court suggests in its Opinion,

and this Court agrees with the analysis and therefore, finds that the Bankruptcy Court did not

abuse its discretion when it dismissed Snyder's amended complaint in this matter.


### IV. CONCLUSION

This Court will affirm the final judgment of the Bankruptcy Court as expressed in its July

21, 2023 Order and accompanying Memorandum Opinion.  An appropriate Order shall follow.

s/Arthur J. Schwab
United States District Judge


Dated: January 5, 2024

cc:      All ECF counsel of record